1   Joseph E. Addiego III (CA State Bar No. 169522)
    DAVIS WRIGHT TREMAINE LLP
2   505 Montgomery Street, Suite 800
    San Francisco, California 94111
3   Telephone:    (415) 276-6500
    Facsimile:    (415) 276-6599
4   Email:        joeaddiego@dwt.com

5   STEPHEN M. RUMMAGE (*Pro hac vice application to follow*)
    CANDICE M. TEWELL (*Pro hac vice application to follow*)
6   DAVIS WRIGHT TREMAINE LLP
    1201 Third Avenue, Suite 2200
7   Seattle, Washington 98101-3045
    Telephone:    (206) 622-3150
8   Fax:          (206) 757-7700
    Email:        steverummage@dwt.com
9                 candicetewell@dwt.com

10
    Attorneys for Defendant
11  SPOTIFY USA INC.

12                                                      **DMR**

13              IN THE UNITED STATES DISTRICT COURT

14              THE NORTHERN DISTRICT OF CALIFORNIA

15

16  MELISSA BLEAK,  individually and on behalf   Case No. **CV 13  5653**
    of all others similarly situated,
17                                              )   **NOTICE OF REMOVAL**
                                                )
18           Plaintiff,                         )   (Removed from San Francisco County
                                                )   Superior Court, Civil Case No. CGC-13-
19      v.                                      )   535309)
                                                )
20  SPOTIFY USA INC., a Delaware corporation,   )   State Action Filed:  November 6, 2013
                                                )
21           Defendant.                         )   [Declaration of Göran Sander filed
                                                )   concurrently]
22  _____)

23          TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND

24  THEIR ATTORNEYS OF RECORD:

25          PLEASE TAKE NOTICE that under 28 U.S.C. §§ 1441, 1446, and 1453, Defendant

26  Spotify USA Inc. ("Spotify") removes this action from the Superior Court of the State of

27  California for the County of San Francisco to the United States District Court for the Northern

28

                                               1
_____
NOTICE OF REMOVAL
Case No.
DWT 23037977v2 0098755-000002

District of California, San Francisco or Oakland Division. In support of this Notice, Spotify states as follows:

## INTRODUCTION

1.      On November 6, 2013, Plaintiff Melissa Bleak filed a Complaint against Spotify in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-13-535309, captioned "*Melissa Bleak, individually and on behalf of all others similarly situated, v. Spotify USA Inc., a Delaware corporation.*"

2.      On November 7, 2013, Plaintiff served Spotify with the Summons and Complaint. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Amended General Order re: Procedure for Approval of Complex Litigation Designation, Civil Lawsuit Notice, Alternative Dispute Resolution Information Sheet, and a blank Case Management Statement served on Spotify are attached as **Exhibit A**.

3.      On November 21, 2013, Plaintiff filed her First Amended Complaint against Spotify in the San Francisco County Superior Court.

4.      On November 22, 2013, Plaintiff served Spotify with the Amended Complaint. A true and correct copy of the Amended Complaint is attached as **Exhibit B**.

5.      The attached **Exhibits A** and **B** constitute "all process, pleadings, and orders served upon" Spotify. *See* 28 U.S.C. § 1446(a).

6.      A copy of this Notice of Removal and the accompanying filings will be filed with the Clerk of the Superior Court of the State of California for the County of San Francisco and will be served on Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

## BASIS FOR FEDERAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7.      This action is removable to this Court because federal diversity jurisdiction under 28 U.S.C. § 1332 exists over Plaintiff's claims under the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat 4 (2005) ("CAFA"), codified at 28 U.S.C. §§ 1332(d) & 1453.

8.      Congress enacted CAFA to enlarge federal jurisdiction over proposed class actions. CAFA provides that a class action against a non-governmental entity may be removed to federal

*DAVIS WRIGHT TREMAINE LLP*

1  court if (1) the proposed class consists of 100 or more members; (2) the aggregate amount in

2  controversy exceeds $5 million, exclusive of interest and costs; and (3) any member of the

3  proposed plaintiff class is a citizen of a different state than any defendant. *See* 28 U.S.C.

4  § 1332(d)(2), (d)(5), (d)(6), and § 1453(b). As shown below, this action satisfies all requirements

5  for removal.

### Plaintiff Proposes a Class of More than 100 Persons

7      9.     Bleak alleges Spotify "is an on-line subscription commercial streaming service that

8  streams music from numerous record labels to its customers over the [I]nternet." Am. Compl. ¶ 8.

9  She alleges Spotify offers "the ability to listen to streaming music for free . . . [and] has also

10  offered [users] the ability to upgrade their membership to an Unlimited or Premium Plan." Am.

11  Compl. ¶ 12. Bleak alleges the Unlimited Plan provides "consumers the ability to listen to

12  Defendant'[s] [sic] services advertisement free on their desktop and/or laptop. The Premium Plan

13  provided consumers the ability to listen to music advertisement free from multiple devices

14  including the consumer's desktop, laptop, and cellular phone." *Id.* Bleak further alleges the

15  "Unlimited Plan was priced at $4.99 and the Premium Plan was priced at $9.99." *Id.*

16      10.     Bleak alleges that to upgrade to the Unlimited or Premium Plan, subscribers using a

17  desktop computer were required to "enter their credit card, debit card, or account information into

18  the required field, and press the button Confirm Payment." Am. Compl. ¶ 13.

19      11.     Bleak alleges that "[a]bove the Confirm Payment button for the Unlimited Plan,

20  [Spotify] made the following disclosure: 'You authorize Spotify to automatically bill your credit

21  card each month, until you cancel your subscription. No refunds or credits for partial monthly

22  subscription periods. You can cancel your subscription at any time by logging into your account

23  and follow [sic] the cancellation instructions.'" Am. Compl. ¶ 14. Bleak further alleges that after

24  clicking the "Confirm Payment button for the Unlimited Plan, the Class Members [sic] credit,

25  debit card, or account was charged . . . [and at] the end of the month of service, the Plaintiff and

26  Class Member's credit card, debit card, or account was automatically renewed for an additional

27  month, and as such is an automatic renewal plan within the meaning of Cal. Bus. Prof. Code

28  § 1701(1)." *Id.*

DAVIS WRIGHT TREMAINE LLP

12.     Bleak further alleges she and the other proposed class members "were offered a one-month free trial to use the [Spotify] Premium Plan." Am. Compl. ¶ 16.  She alleges Spotify provided the following notice to subscribers who selected the "Upgrade to 30 Day Trial" webpage: "If you do not cancel your subscription before the end of the free trial the credit card you provide will automatically be charged the Spotify Premium subscription fee of US $9.99 + $0.00 sales tax per month, until you cancel.  You can cancel at any time by logging into your Spotify account and follow [sic] the cancellation instructions.  No refunds or credits for partial monthly subscriptions period [sic].  For complete terms and conditions, please see our Terms of Service."  Am. Compl. ¶¶ 16-17.

13.     Bleak further alleges that for both Unlimited and Premium plans, "prior to charging the Class Members [sic] credit card, debit card, or account, Defendant failed to first obtain the Class Members [sic] affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms because Defendant failed to first obtain the Plaintiffs and Class Members [sic] affirmative consent to the Defendant's Terms, in that Defendant completely failed to make a reference to its Terms throughout the checkout process; prior to checkout failed to provide a link and/or a clear and conspicuous link to its Terms; failed to provide a mechanism, such as a box, in which the Class Members were required to check to state that they agree to the Defendant's Terms, and that signified Class Members' affirmative consent to the Defendant's Terms; and the only reference to the Terms was through a link on the bottom of the webpage entitled "Legal", in smaller and lighter colored font than the rest of the webpage."  Am. Compl. ¶ 15; *see also id.* ¶ 18 (alleging failure of consent for Premium Plans due to Defendant's failure "to provide a link and/or a clear and conspicuous link to the Spotify Terms; prior to the checkout referred to a document called Terms of Service that did not exist anywhere on Defendant's website; and/or failed to provide a mechanism, such as a box, in which the Class Members were required to check to state that they agree to the Spotify Terms and Conditions and that signified Class Members' affirmative consent to the Spotify Terms and Conditions").

14.    Based on these and other allegations, Bleak asserts causes of action under Business & Professions ("B&P") Code §§ 17602 & 17603, California's Unfair Competition Law, B&P Code §§ 17200, *et seq.* (the "UCL"), and B&P Code § 17535. Am. Compl. ¶¶ 27-46.

15.    Bleak seeks to assert these claims on behalf of herself and a proposed class defined as follows: "[A]ll persons who upgraded their membership/subscription plan from a free plan to a paid Unlimited Plan and/or Premium Plan subscription on their desktop computer in California from Defendant since December 1, 2010." Am. Compl. ¶ 25. Bleak alleges that the "potential members of the Class as defined are so numerous . . . that joinder of all the members of the Class is impracticable." Am. Compl. ¶ 26(a). Bleak also alleges that Spotify "has over one million paid subscribers in the USA." Am. Compl. ¶ 8.

16.    In addition, Spotify's business records show that well over 100,000 California subscribers paid for Spotify Premium in October 2013 alone. Decl. of Göran Sander in Support of Notice of Removal ("Sander Decl.") ¶ 7(a). Even after adjusting the number of subscribers to account for those who streamed music in both California and another state (approximately 30%), those who paid with pre-paid gift cards (a little more than 14,000 subscribers in all of 2013), and those who upgraded on mobile devices (approximately 35%), substantially more than 35,000 Californians subscribed to Spotify Premium in October 2013. *See id.* ¶ 7(b), (e), (f). Spotify launched its service in California in July 2011, *id.* ¶ 4 n.1, therefore all October 2013 California Spotify Premium subscribers upgraded to the paid service during the proposed class period.

17.    Bleak's allegations and Spotify's business records both show the proposed class exceeds the 100 member threshold set by 28 U.S.C. § 1332(d)(5)(B).

**The Amount in Controversy Exceeds $5 Million**

18.    For purposes of removal under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Based on Plaintiff's allegations, this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(2).

19.     In determining whether the removing party satisfies the amount-in-controversy requirement, a court should look first to the complaint. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). "[W]hen the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Id.* at 397 (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)).   Courts may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

20.     Spotify denies Bleak's allegations of liability, injury, and damages and will oppose certification of the putative class. For purposes of establishing the jurisdictional predicates for removal, however, Bleak's allegations establish the aggregate amount in controversy exceeds $5 million. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."); *see also Lewis*, 627 F.3d at 400 (defendant not required to admit liability to remove under CAFA).

21.     Because the Amended Complaint does not specify the amount of damages sought, Spotify submits the Declaration of Göran Sander to establish the amount in controversy exceeds the jurisdictional minimum. *See Lewis*, 627 F.3d 395 at 397; *Abrego Abrego*, 443 F.3d at 690. The Sander Declaration, when considered in conjunction with the allegations of the Amended Complaint, establish the requisite amount in controversy.

22.     The Amended Complaint prays for "damages and/or full restitution in the amount of the subscription payments made by" Bleak and the proposed class members from December 2010 to the present. Am. Compl., Prayer for Relief ¶¶ D-E. The Amended Complaint also seeks to prevent Spotify from collecting future auto-renewal payments by requesting injunctive relief. *Id.* ¶ F. Further, Bleak alleges the putative class is "so numerous . . . that joinder of all the members of the Class is impracticable," and Bleak's "claims are typical of the claims of the Class." Am. Compl. ¶ 26(a), (c). The Amended Complaint defines the putative class to include

DAVIS WRIGHT TREMAINE LLP

NOTICE OF REMOVAL
Case No.
DWT 23037977v2 0098755-000002

1 "all persons who upgraded their membership/subscription plan from a free plan to a paid

2 Unlimited Plan and/or Premium Plan subscription on their desktop computer in California from

3 Defendant since December 1, 2010." Am. Compl. ¶ 25.

4    23.    By proposing these class definitions and seeking both retrospective and prospective

5 relief, Bleak has put at issue all charges to California subscribers to the Spotify Unlimited and

6 Premium services—excepting payments by pre-paid gift cards and upgrades on mobile devices—

7 since Spotify began offering the service in California in July 2011.

8    24.    Californians purchased more than 1.5 million months of Spotify Premium in 2013.

9 Sander Decl. ¶ 7(b).  At $9.99 a month, Californians paid more than $15 million for Spotify

10 Premium in 2013. *Id.* ¶ 7(c)-(d).  Even after reducing this value to account for the small number

11 of subscribers who paid with non-renewing gift cards (totaling approximately $142,000), and the

12 subscribers who upgraded on mobile devices (up to 35% of California subscribers), California

13 subscribers who upgraded to Spotify Premium on a desktop computer spent more than $9.75

14 million via automatically renewing payment methods for Spotify Premium in 2013 alone. *Id.*

15 ¶ 7(e)-(g).  This number significantly underestimates the total amount spent by Californian

16 subscribers via automatically renewing payment methods since July 2011.  In particular, it fails to

17 take into account revenue from July 2011 through December 2012 and ignores revenue from

18 Spotify's "Unlimited" service. *Id.* ¶ 8.

19    25.    Because Bleak seek damages, disgorgement, and restitution of amounts already

20 paid, and an injunction to prevent the collection of sums from existing Spotify users, Bleak has put

21 substantially more than $5 million in controversy. *See Korn*, 536 F. Supp. 2d at 1205-06 (where

22 plaintiff alleged class was "entitled to civil penalties in amounts up to one thousand dollars

23 ($1,000) per violation . . . defendant need only demonstrate that there are at least 5,001 putative

24 class claims"); *Rodgers v. Cent. Locating Serv., Ltd.*, 412 F. Supp. 2d 1171, 1175, 1179-80 (W.D.

25 Wash. 2006) (amount in controversy under CAFA includes value of injunctive relief).

26    26.    Bleak also seeks attorney fees. Am. Compl., Prayer for Relief ¶ G.  The Court

27 should include the amount of attorney fees Bleak will claim, aggregated on a class-wide basis, in

28 determining whether the Amended Complaint satisfies the amount-in-controversy requirement.

DAVIS WRIGHT TREMAINE LLP

7

1   *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (citing

2   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir 1998)); *see also* Charles Alan Wright,

3   Arthur R. Miller, Edward H. Cooper, 14B Federal Practice & Procedure 3d § 3702 (2006).

4   Bleak's claims implicate far more than $5 million without taking into account any fees Plaintiffs

5   might recover.

6          27.    "The amount in controversy is simply an estimate of the total amount in dispute,

7   not a prospective assessment of defendant's liability." *Lewis*, 627 F.3d at 400. Spotify denies it

8   violated any laws. Spotify also disputes Bleak's measure of purported damages. For removal

9   purposes only, however, Spotify acknowledges the alleged amount in controversy exceeds

10  $5 million.

11                              **Diversity Jurisdiction Exists**

12         28.    Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a

13  class action in which "any member of a class of plaintiffs is a citizen of a State different from any

14  defendant."

15         29.    "[A] corporation shall be deemed to be a citizen of every State and foreign state by

16  which it has been incorporated and of the State or foreign state where it has its principal place of

17  business." 28 U.S.C. § 1332(c)(1). Federal courts apply the "nerve center" test to determine a

18  corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93

19  (2010). The company's officers or members "direct, control, and coordinate" the company's

20  activities from the "nerve center." *Id.* at 92-93. The "nerve center" will "normally be the place

21  where the corporation maintains its headquarters—provided that the headquarters is the actual

22  center of direction, control, and coordination." *Id.* at 93. Plaintiff alleges Spotify is incorporated

23  under the laws of Delaware and has its principal place of business in New York City, New York.

24  Am. Compl. ¶¶ 1, 6.

25         30.    Plaintiff alleges Bleak "resides in Pasadena, California." Am. Compl. ¶ 5. Plaintiff

26  purports to bring this action on behalf of "all persons who upgraded their membership/subscription

27  plan from a free plan to a paid Unlimited Plan and/or Premium Plan subscription on their desktop

28

1  computer in California." Am. Compl. ¶ 25.  Thus, the proposed class primarily includes Spotify

2  subscribers from California.

3      31.   Accordingly, diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A).

4      32.   The diversity between Plaintiff and Spotify not only satisfies CAFA's minimal

5  diversity requirements, but also precludes the "local controversy" and "home state" exceptions in

6  28 U.S.C. § 1332(d)(3) & (d)(4), for which Plaintiff would bear the burden of proof in any event.

7                    **Spotify Satisfies the Remaining Procedural Requirements for Removal**

8      33.   This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Spotify filed

9  it within thirty days after service of process, which took place on November 7, 2013.

10     34.   Bleak brought this case as a putative class action and seeks to certify a class under

11  California Code of Civil Procedure § 382.  *See* Am. Compl. ¶¶ 25-26.  This action is therefore a

12  proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which defines "class action" as "any

13  civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or

14  rule of judicial procedure authorizing an action to be brought by 1 or more representative persons

15  as a class action."

16     35.   The Court has original jurisdiction over this action under 28 U.S.C. § 1332(d).

17  Defendants may remove this action to this Court under 28 U.S.C. §§ 1441, 1446, and 1453.

18  Because Bleak filed this action in the Superior Court for the County of San Francisco, Spotify

19  properly removed the action to the U.S. District Court for the Northern District of California as

20  required by 28 U.S.C. §§ 84(a) and 1446(a).  Venue in the San Francisco or Oakland Division is

21  proper under Civil Local Rule 3-2(d).

22     36.   Copies of all process, pleadings, and orders served on Spotify in the state court

23  action are attached as **Exhibits A** and **B** as required by 28 U.S.C. § 1446(a).

24     37.   Spotify will promptly give written notice of the filing of this Notice of Removal to

25  Bleak and will file a copy of the Notice of Removal with the Clerk of the Superior Court for the

26  County of San Francisco under 28 U.S.C. § 1446(d).

27

28

DAVIS WRIGHT TREMAINE LLP

9

1    38.    WHEREFORE, Defendants request the above-described civil action be removed

2    from the Superior Court of the State of California for the County of Santa Clara to the United

3    States District Court for the Northern District of California, San Francisco or Oakland Division.

4

5    DATED:  December 6, 2013                    DAVIS WRIGHT TREMAINE LLP

6

7    By: _____
                                                  Joseph E. Addiego III

8

9                                              Attorneys for Defendant SPOTIFY USA INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL
Case No.
DWT 23037977v2 0098755-000002

# EXHIBIT A

11/7/13 2:50p

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Spotify USA, Inc., a Delaware Corporation

**YOU ARE BEING SUED BY PLAINTIFF;**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Melissa Bleak, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civic Center Courthouse<br>400 McAllister St., San Francisco, CA, 94102 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CGC-13-535309 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Julian Hammond, 1180 S. Beverly Dr., Suite 610, Los Angeles, CA, 90035; tel: 310-601-6766

**BY FAX**

| | | | | |
|---|---|---|---|---|
| DATE: 11/06/2013<br>*(Fecha)* | **CLERK OF THE COURT** | Clerk, by<br>*(Secretario)* | Deborah Steppe | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Spotify USA, Inc., a Delaware Corporation

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 11/7/13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2013 NOV -6  PM 1: 57

CLERK OF THE COURT
BY:_____
DEPUTY CLERK
Deborah Steppe

1  JULIAN HAMMOND, CA Bar No. 268489
   Hammond.julian@gmail.com
2  HammondLaw, PC
   1180 S. Beverly Drive, Suite 610
3  Los Angeles, CA  90035
   (310) 601-6766
4  (310) 295-2385 (Fax)

5  ARI CHERNIAK, CA Bar No. 290071
   ari.cherniak@gmail.com
6  HammondLaw, P.C.
   1829 Reisterstown Rd. Suite 410
7  Baltimore, MD 21208
   (443) 739-5758
8  (310) 295-2385 (Fax)

9  Attorneys for Plaintiff and Putative Class

10

11           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF SAN FRANCISCO

13                          CGC-13-535309

| 14 | Melissa Bleak, individually and on behalf of all others similarly situated, | Case No.: |
|----|----|----|
| 15 | | |
| | | CLASS ACTION |
| 16 | Plaintiff, | |
| | | COMPLAINT FOR:  (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL |
| 17 | vs. | LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & |
| 18 | Spotify USA, Inc., a Delaware Corporation | PROF. CODE §§ 17200-17204); AND (3) INJUNCTIVE RELIEF AND RESTITUTION |
| 19 | Defendant. | (BUS. & PROF. CODE § 17535) |
| 20 | | DEMAND FOR JURY TRIAL |

21

22

23                                    BY FAX

24

25

26

27

28

Plaintiff Melissa Bleak ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## OVERVIEW OF CLAIMS

1. This is a class action, under California Code of Civil Procedure § 382, seeking damages, restitution, injunctive and/or other equitable relief under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§17602, 17603, 17604, 17535, and 17200, et seq., on behalf of Plaintiff and all other individuals who purchased a subscription through their desktop computers for streaming music services ( hereinafter "Class Members") in California from Spotify USA, Inc. ("Spotify" or "Defendant"), a Delaware Corporation with its principal place of business in New York. Plaintiff and Class Members throughout California paid a subscription fee to Spotify for access to its streaming music services. However, prior to charging Plaintiff and Class Members' credit or debit cards, Defendant failed to first obtain the Plaintiff's and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. Prof. Code §17602(a) (2), and as result all goods, wares, or merchandise sent to Plaintiff and Class Members under the automatic renewal or continuous service agreement is deemed to be an unconditional gift pursuant to Cal. Bus. Code §17603. Plaintiff, on behalf of herself and Class Members, also seeks injunctive relief and/or restitution of all unjust enrichment Defendant has obtained from its failure to comply with Cal Bus. Prof. Code § 17602(a).

2. The "Class Period" is designated as the period from December 1, 2010 through to the trial date. Defendant's violations of California's Business and Professions Code and unfair competition laws, as described more fully below, have been ongoing since December 1, 2010, and are continuing at present.

## JURISDICTION

3. This Court has jurisdiction over the claims for damages, injunctive relief and/or restitution arising from Defendant's unlawful business practices, under California's Business & Professions Code §§ 17203, 17204, 17535, and 17603.

**VENUE**

4.     Venue as to Defendant is proper in the County of San Francisco.

**PARTIES**

5.     Plaintiff Melissa Bleak resides in Pasadena, California. Plaintiff Bleak purchased a subscription with Spotify in California through her desktop computer in August 2013. During that time Plaintiff Bleak was subject to Defendant's unlawful policies and/or practices set forth herein. Plaintiff is a consumer as defined under Cal Bus. Prof. Code §17601 (d).

6.     Defendant Spotify USA, Inc. is a Delaware corporation with its principal place of business located at 76 9th Ave., #1110, New York, NY, 10011. The policies and practices complained of herein were formulated, implemented, and maintained, in whole or in substantial part, at that address.

7.     All of Plaintiff's claims stated herein are asserted against Defendant and any of its predecessors, successors, and/or assigns that do, or have done, business, with Class Members in California during the Class Period.

**FACTUAL BACKGROUND**

8.     Defendant operates and, at all times during the Class Period, has done business throughout California. Defendant is an on-line subscription service that streams music from numerous record labels to its customers over the internet.

9.     Since at least December 1, 2010 through to the filing of this action, Defendant has charged Plaintiff's and Class Members' credit or debit cards with a third party for an automatic renewal or continuous service without first obtaining the Plaintiff's and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

10.     Plaintiff and all similarly situated Class Members are consumers within the meaning of Cal. Bus. Prof. Code § 17601(d).

11.     During the Class Period, Plaintiff and Class Members entered into a subscription agreement with Spotify through their desktop computers in which Plaintiffs and Class Members agreed to pay a monthly subscription fee in exchange for Spotify providing streaming music services over the internet.

12.     In entering into the subscription agreement with Spotify through their desktop computers, Plaintiff and Class Members chose between a one month subscription agreement that provides the subscriber access to streaming music on their desktop computer only ("Unlimited Plan") or that provides the subscriber access on any device ("Premium Plan"). At the end of the month, the agreement is automatically renewed for an additional one month, and as such the subscription agreement contains an automatic renewal plan within the meaning Cal. Bus. Prof. Code. §1701(1). Furthermore, the subscription agreement continues until cancelled, and therefore is and was a continuous service plan or arrangement as defined by Cal. Bus. Prof Code § 117601(e).

13.     Once Plaintiff and Class Members select their plan, Plaintiffs and Class Members were taken to another webpage where they are requested to select their payment method.  Once this information was selected, Plaintiffs and Class Members were required to press a button with the word "Continue" on it. Plaintiff and Class Members were subsequently required to enter their credit or debit card information. In order to start the subscription, Plaintiff and Class Members were then required to press a button called "Confirm Payment." Once the Confirm Payment button was pressed, the order was confirmed, and shortly thereafter, the Plaintiff and Class Members' credit or debit card was charged.

14.     Paragraph 13 of the Spotify Terms and Conditions of Use ("Terms") entitled "Payments, Cancellations and Cooling Off" contains Defendant's automatic renewal offer terms. Paragraph 17 of the Terms entitled "Entire Agreement" states as follows: "These agreements constitute all the terms and conditions agreed upon between you and Spotify".

15.     Accordingly, the Terms are "the agreement containing the automatic renewal offer terms or continuous service offer terms" pursuant Cal. Bus. Prof. Code § 17602(a)(2) and Defendant

1  was required to obtain Plaintiff and Class Members' affirmative consent to these Terms pursuant to

2  Cal. Bus. Prof. Code § 17602(a)(2) which states that it is "unlawful for any business making an

3  automatic renewal or continuous service offer to charge the consumer's credit or debit card…without

4  first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal

5  offer terms or continuous service offer terms".

6      16.    However, prior to charging the Plaintiff and Class Members' credit or debit card for an

7  upgrade to the Premium Plan, Defendant's website states as follows: "If you do not cancel your

8  subscription before the end of the free trial the credit card you provide will automatically be charged

9  the Spotify Premium subscription fee of US $9.99 + $0.00 sales tax per month, until you cancel. You

10 can cancel at any time by logging into your Spotify account and follow the cancellation instructions.

11 No refunds or credits for partial monthly subscriptions period. For complete terms and conditions,

12 please see our Terms of Service" (hereinafter "Premium Plan notice").

13     17.    Furthermore, prior to charging Class Members' credit or debit card for an upgrade to

14 the Unlimited Plan, Defendant states as follows: "You authorise Spotify to automatically bill your

15 credit card each month, until you cancel your subscription. No refunds or credits for partial monthly

16 subscription periods. You can cancel your subscription at any time by logging into your account and

17 follow the cancellation instructions" (hereinafter "Unlimited Plan notice").

18     18.    However, in the Premium Plan notice Defendant failed to provide a hyperlink to the

19 Terms, and the Terms are not referenced at all on the Unlimited Plan notice.  Moreover, Defendant

20 failed to provide a box to check or any other method by which Plaintiff's and Class Members could

21 provide their affirmative consent to Defendant's Terms.

22     19.    As a result of the above, Defendant failed to obtain Plaintiff and Class Members'

23 affirmative consent to the agreement containing the Terms prior to charging their credit or debit card

24 for an automatic renewal or continuous service as required under § 17602(a) (2).

25

26

27

28

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382.  The Class that Plaintiff seeks to represent is composed of and defined as all persons who purchased an Unlimited Plan or Premium Plan subscription on their desktop computer in California from Defendant since December 1, 2010.

21.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representatives of the Class:

a.     Numerosity:  The potential members of the Class as defined are so numerous and so diversely located throughout California, that joinder of all the members of the Class is impracticable.  The Class Members are dispersed throughout California.  Joinder of all members of the proposed class is therefore not practicable.

b.     Commonality:  There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i.     Whether Defendant charged Plaintiff and Class Members credit or debit card with a third party for an automatic renewal or continuous service without first obtaining the Plaintiff and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. Code §17602(a)(2);

ii.     Whether Cal. Bus. Prof. Code § 17603 provides for damages and/or restitution for money paid by Class Members in circumstances where the goods and services provided by Defendant is deemed an unconditional gift.

iii.     Whether Plaintiff and Class Members' are entitled to damages and/or restitution under Cal. Bus. Prof Code.  § 17200-17203

iv.     Whether Plaintiff and Class Members are entitled to injunctive relief and/or restitution under Cal. Bus. Prof Code.  § 17535.

1            v.     The proper formula(s) for calculating damages and/or restitution owed to

2 Class Members.

3          c.     <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Both

4 Plaintiff and Class Members were deprived of property rightly belonging to them, arising out of and

5 caused by Defendant's common course of conduct in violation of law as alleged herein, in similar

6 ways.

7          d.     <u>Adequacy of Representation</u>: Plaintiff is a member of the Class and will fairly

8 and adequately represent and protect the interests of the Class Members. Plaintiff's interests do not

9 conflict with those of Class Members. Counsel who represent Plaintiff are competent and experienced

10 in litigating large class actions, and will devote sufficient time and resources to the case and otherwise

11 adequately represent the Class.

12

13          e.     <u>Superiority of Class Action</u>: A class action is superior to other available means

14 for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is

15 not practicable, and questions of law and fact common to the Class predominate over any questions

16 affecting only individual members of the Class. Plaintiff and each Class Member has suffered loss or

17 may suffer loss in the future by reason of Defendant's unlawful policies and/or practices of not

18 complying with Cal. Bus Prof. Code §§ 17600-17606. Certification of this case as a class action will

19 allow those similarly situated persons to litigate their claims in the manner that is most efficient and

20 economical for the parties and the judicial system. Certifying this case as a class action is superior

21 because it allows for efficient and full restitution to Class Members, and will thereby effectuate

22 California's strong public policy of protecting the California public from violations of its laws. If this

23 action is not certified as a Class Action, it will be impossible as a practical matter for many or most

24 Class Members to bring individual actions to recover monies due from Defendant, due to the relatively

25 small amounts of such individual recoveries relative to the costs and burdens of litigation.

26

27

28

**FIRST CAUSE OF ACTION**

**FAILURE TO OBTAIN THE CONSUMER'S AFFIRMATIVE CONSENT BEFORE THE SUBSCRIPTION IS FULFILLED**
**(CAL. BUS. PROF. CODE §§ 17602(a) (2) and 17603)**

22.    The allegations of Paragraphs 1 through 21 are realleged and incorporated herein by reference, and Plaintiff alleges this cause of action on behalf of herself and the above-described class of similarly situated Class Members.

23.    Cal. Bus. Prof. Code § 17602(a)(2) provides:

"(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

24.    Defendant charged the Class Members' credit or debit card or the Class Members' account with a third party for an automatic renewal or continuous service without first obtaining the Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

25.    As a result of Defendant's violations of Cal. Bus. Prof. Code § 17602(a) (2), Defendant is liable to provide damages and/or restitution to Plaintiffs and Class Members under Cal. Bus. Prof. Code §17603.

26.    Plaintiff, on behalf of herself and Class Members, request relief as described below.

**SECOND CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
**(BUS. & PROF. CODE § 17200 *et. seq.*)**

27.    The allegations of Paragraphs 1 through 26 are realleged and incorporated herein by reference, and Plaintiff alleges this cause of action on behalf of herself and the above-described class of similarly situated Class Members.

1          28.     Business & Professions Code §§17200, *et seq.* (the "UCL") prohibits unfair competition

2 in the form of any unlawful, unfair, or fraudulent business act or practice. Business & Professions

3 Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to

4 prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of

5 herself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business

6 practice.

7          29.     Beginning at an exact date unknown to Plaintiff, but at least since December 1, 2010,

8 and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business

9 acts and practices as defined by the UCL, by violating Cal. Bus. Prof. Code §17602.

10          30.     As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts

11 and practices described herein, Defendant has received and continues to hold unlawfully obtained

12 property and money belonging to Plaintiff and Class Members in the form of payments made for

13 subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful,

14 unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest

15 accrued thereon.

16

17          31.     Plaintiff and similarly situated Class Members are entitled to damages and/or restitution

18 pursuant to Business & Professions Code §§ 17203 and 17208 for all monies paid by Class Members

19 under the subscription agreements from December 1, 2010 to the date of such restitution, at rates

20 specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and

21 restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

22          32.     Plaintiff and similarly situated Class Members are entitled to enforce all applicable

23 penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

24          33.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies

25 specified herein by suing on behalf of themselves and other similarly situated members of the public

26 previously and presently employed by Defendant in California. Plaintiff's success in this action will

27 enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing

28

1   this action in the public interest.  Therefore, an award of reasonable attorneys' fees to Plaintiff is

2   appropriate pursuant to Code of Civil Procedure §1021.5.

3       34.    Plaintiff, on behalf of herself and Class Members, request relief as described below.

4
                          **THIRD CAUSE OF ACTION**
5                   **INJUNCTIVE RELIEF AND RESTITUTION**
                          **(BUS. & PROF. CODE § 17535)**
6

7       35.    The allegations of Paragraphs 1 through 34 are realleged and incorporated herein by

8   reference, and Plaintiff alleges this cause of action on behalf of herself and the above-described class

9   of similarly situated Class Members.

10      36.    Business & Professions Code §17535, *et seq.* (the "UCL") allows "any person who has

11  suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the

12  UCL.  Such a person may bring such an action on behalf of herself and others similarly situated who

13  are affected by the unlawful, unfair, or fraudulent business practice.

14      37.    Beginning at an exact date unknown to Plaintiff, but at least since December 1, 2010,

15  and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business

16  acts and practices as defined by the UCL, by violating Cal. Bus. Prof. Code §17602.

17      38.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts

18  and practices described herein, Defendant has received and continues to hold unlawfully obtained

19  property and money belonging to Plaintiff and Class Members in the form of payments made for

20  subscription agreements by Plaintiff and Class Members.  Defendant has profited from its unlawful,

21  unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest

22  accrued thereon.

23      39.    Plaintiff and similarly situated Class Members are entitled to injunctive relief and/or

24  restitution pursuant to Business & Professions Code §17535 for all monies paid by Class Members

25  under the subscription agreements from December 1, 2010 to the date of such restitution, at rates

26  specified by law.  Defendant should be required to disgorge all the profits and gains it has reaped and

27  restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

28

40.     Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code.

41.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of themselves and other similarly situated members of the public previously and presently employed by Defendant in California.  Plaintiff's success in this action will enforce important rights affecting the public interest.  Plaintiff will incur a financial burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5.

42.     Plaintiff, on behalf of herself and similarly situated Class Members, request relief as described below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.     That the Court determine that this action may be maintained as a class action under Code of Civil Procedure §382, and define the Class as requested herein;

B.     That the Court find and declare that Defendant's subscription agreement violates Cal bus. Pro. Code §17602 by charging Plaintiff and Class Members credit or debit card without first obtaining their affirmative consent to the agreement containing the automatic renewal offer term or continuous service offer terms prior to charging their credit cards;

C.     That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. Prof Code. §17602;

D.     That the Court award to Plaintiff and Class Members damages and/or full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. Prof. Code §17603, in an amount to be proved at trial;

1    E.    That Defendant be ordered to pay damages and/or restitution to Plaintiff and the Class

2    due to Defendant's UCL violations, pursuant to Business and Professions Code §§17200-17205 in the

3    amount of their subscription agreement payments;

4    F.    That the Court find that Plaintiff and Class Members are entitled to damages, injunctive

5    relief and/or restitution pursuant to Cal. Bus. Prof. Code §17535;

6
     G.    That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to
7
     Code of Civil Procedure §1021.5, and/or other applicable law;
8
     H.    That the Court award such other and further relief as this Court may deem appropriate.
9

10                        **DEMAND FOR JURY TRIAL**

11          Plaintiff, on behalf of herself and the Class Members, hereby demand a jury trial on all causes

12   of action and claims with respect to which they have a right to jury trial.

13   Dated:  November 6, 2013

14                                        JULIAN HAMMOND, CA Bar No. 268489
                                          Hammond.julian@gmail.com
15                                        HammondLaw, PC
                                          1180 S. Beverly Drive, Suite 610
16                                        Los Angeles, CA  90035
                                          (310) 601-6766
17                                        (310) 295-2385 (Fax)

18                                        ARI CHERNIAK, CA Bar No. 290071
                                          ari.cherniak@gmail.com
19                                        HammondLaw, P.C.
                                          1829 Reisterstown Rd. Suite 410
20                                        Baltimore, MD 21208
                                          (443) 739-5758
21                                        (310) 295-2385 (Fax)

22                                        ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE
                                          CLASS
23

24

25

26

27

28

ENDORSED CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>Julian Hammond (SBN 268489)<br>HammondLaw, P.C.<br>1180 S. Beverly Dr., Suite 610<br>Los Angeles, CA 90035<br>TELEPHONE NO.: 310-601-6766   FAX NO.: 310-295-2385<br>ATTORNEY FOR (Name): Plaintiff Melissa Bleak | FOR COURT USE ONLY<br>SAN FRANCISCO COUNTY<br>SUPERIOR COURT<br>2013 NOV -6 PM 1:57<br>CLERK OF THE COURT<br>BY:<br>DEPUTY CLERK<br>Deborah Steppe |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS:
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Melissa Bleak v. Spotify USA, Inc., a Delaware Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CGC-13-535309 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence     f. [✓] Substantial postjudgment judicial supervision

**BY FAX**

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Cal. Bus. and Prof. Code Sec. 17603, 17604, & 17535; UCL Violations
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/06/2013
Julian Hammond
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**



F I L E D
San Francisco County Superior Court

OCT 2 3 2007

GORDON PARK-LI, Clerk

BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 304

In re:

COMPLEX LIGITATION

AMENDED GENERAL ORDER RE:
PROCEDURE FOR APPROVAL OF
COMPLEX LITIGATION DESIGNATION

The Honorable Richard A. Kramer

This Order shall apply to any case designated as a Complex Case on the Civil Case Cover Sheet (Judicial Council Form CM-010, Rule 3.220, Cal. Rules of Court) filed in San Francisco Superior Court. As to all such cases:

1. The fee(s) required by California Government Code Section 70616 shall be paid upon filing such designation.

2. No case shall be assigned to the Complex Litigation Department until an Application For Approval of Complex Litigation Designation has been made in accordance with the following:

3. An Application for Approval of Complex Designation should be made as early in the case as is feasible and must set forth with specificity the reasons that the case should be assigned to the Complex Litigation Department in accordance with the factors set forth in Rule 3.400 *et seq.*, California Rules of Court. A copy of such Application, together with a copy of the operative Complaint and of the Civil Case Cover Sheet, shall be delivered to the clerk of Department 304 promptly upon filing. Copies of the Application shall be served on all other parties who have been served with the Complaint or have appeared in the case.

4. A Complex Case Designation which does not comply with this Order may be deemed denied without further order.

5. Until such time as the Court issues an order assigning the case to the Complex Litigation Department, it will remain in its otherwise assigned case management plan and shall be subject to all applicable case management rules and procedures. *See* Rule 3 – Civil Case Management, San Francisco Superior Court Local Rules of Court.

6. Upon the denial of Complex Case Designation, either under paragraph 4 hereof or by specific court order, and no sooner than 60 days after the date of filing the Civil Case Cover Sheet, the Clerk of the Court shall, upon request, refund any fees paid pursuant to California Government Code section 70616(a) or (b). *See* Cal. Gov. Code § 70616(d).

7. This Order does not modify the provisions of Rule 3.403(b), California Rules of Court.

IT IS SO ORDERED.

Dated:  October 23, 2007

The Honorable Richard A. Kramer

CASE NUMBER: CGC-13-535309  MELISSA BLEAK, INDIVIDUALLY AND ON BEHALF OF ALL

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **APR-09-2014** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610**<br>**400 McAllister Street**<br>**San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order
**without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610
twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### <u>ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS</u>

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

 **Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package** 

> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4 )

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at no cost one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: <br><br> DEPARTMENT 610 |

1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐   **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐   **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management.  www.sfbar.org/mediation

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program.  www.sfsuperiorcourt.org

☐   **Other ADR process (describe)** _____

2)   The parties agree that the ADR Process shall be completed by (date): _____

3)   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  07/12             **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:          FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| *(Check one):*  ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                    Time:            Dept.:          Div.:          Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐   This statement is submitted by party *(name)*:
   b. ☐   This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not)*:

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐   have had a default entered against them *(specify names)*:

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.   Type of case in   ☐ complaint   ☐ cross-complaint      *(Describe, including causes of action)*:

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐  Additional representation is described in Attachment 8.

      f.  Fax number:
      g.  Party represented:

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify)*:
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
      ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:
        Party               Description               Date

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# EXHIBIT B

11/22 @3:2??

1  JULIAN HAMMOND, CA Bar No. 268489
   Hammond.julian@gmail.com
2  HammondLaw, PC
   1180 S. Beverly Drive, Suite 610
3  Los Angeles, CA  90035
   (310) 601-6766
4  (310) 295-2385 (Fax)

5  ARI CHERNIAK, CA Bar No. 290071
   ari.cherniak@gmail.com
6  HammondLaw, P.C.
   1829 Reisterstown Rd. Suite 410
7  Baltimore, MD 21208
   (443) 739-5758
8  (310) 295-2385 (Fax)

9  Attorneys for Plaintiff and Putative Class

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

NOV 27 2013

CLERK OF THE COURT
BY: WESLEY RAMIREZ
Deputy Clerk

10

11              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                         COUNTY OF SAN FRANCISCO

13

| 14 | Melissa Bleak, individually and on behalf of all others similarly situated, | Case No.: CGC-13-535309 |
|---|---|---|
| 15 | | CLASS ACTION |
| 16 | Plaintiff, | FIRST AMENDED COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); AND (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535) |
| 17 | vs. | |
| 18 | Spotify USA, Inc., a Delaware Corporation | |
| 19 | Defendant. | |
| 20 | | |
| 21 | | DEMAND FOR JURY TRIAL |

22

23

24                                    BY FAX

25

26

27

28

Plaintiff Melissa Bleak ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## OVERVIEW OF CLAIMS

1.      This is a class action, under California Code of Civil Procedure § 382, seeking damages, restitution, injunctive and/or other equitable relief under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§17602, 17603, 17604, 17535, and 17200, et seq., on behalf of Plaintiff and all other individuals who upgraded their membership/subscription to a paid Unlimited Plan and/or the Premium plan on their desktop computers for streaming music services in California (hereinafter "Class Members") from Spotify USA, Inc. ("Spotify" or "Defendant"), a Delaware Corporation with its principal place of business in New York.  Throughout California, Defendant offered to Plaintiff and Class Members the opportunity to listen to its streaming music service with advertising. However, to listen to Defendant's services advertisement free, Plaintiff and Class Members had to upgrade their membership, and provide their credit card or debit card. However, prior to charging Plaintiff and Class Members' credit cards or debit cards, Defendant failed to first obtain the Plaintiff's and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. Prof. Code §17602(a) (2), and as result all goods, wares, or merchandise sent to Plaintiff and Class Members under the automatic renewal or continuous service agreement is deemed to be an unconditional gift pursuant to Cal. Bus. Code §17603. Plaintiff, on behalf of herself and Class Members, also seeks injunctive relief and/or restitution of all unjust enrichment Defendant has obtained from its failure to comply with Cal Bus. Prof. Code § 17602(a).

2.      The "Class Period" is designated as the period from December 1, 2010 through to the trial date.  Defendant's violations of California's Business and Professions Code and unfair competition laws, as described more fully below, have been ongoing since December 1, 2010, and are continuing at present.

2

**JURISDICTION**

3.     This Court has jurisdiction over the claims for damages, declaratory, injunctive relief and/or restitution arising from Defendant's unlawful business practices, under California's Business & Professions Code §§ 17203, 17204, 17535, and 17603.

**VENUE**

4.     Section 19 of the Spotify Terms and Conditions of Use (the "Terms") state that any disputes are subject to the jurisdiction of the Superior Court of San Francisco County, California. Venue as to Defendant is therefore proper in the County of San Francisco.

**PARTIES**

5.     Plaintiff Melissa Bleak resides in Pasadena, California. Plaintiff Bleak upgraded her membership to a Premium membership/subscription with Spotify in California through her desktop computer in August 2013. Plaintiff Bleak signed up a one-month free trial. Following the one-month free trial, Plaintiff's credit has been charged and continues to be charged, every month, on a recurring basis.  During that time Plaintiff Bleak was subject to Defendant's unlawful policies and/or practices set forth herein. Plaintiff is a consumer as defined under Cal Bus. Prof. Code §17601 (d).

6.     Defendant Spotify USA, Inc. is a Delaware corporation with its principal place of business located at 76 9th Ave., #1110, New York, NY, 10011. The policies and practices complained of herein were formulated, implemented, and maintained, in whole or in substantial part, at that address.

7.     All of Plaintiff's claims stated herein are asserted against Defendant and any of its predecessors, successors, and/or assigns that do, or have done, business, with Class Members in California during the Class Period.

**FACTUAL BACKGROUND**

8.     Defendant operates and, at all times during the Class Period, has done business throughout California. Defendant is an on-line subscription commercial streaming service that streams

3

music from numerous record labels to its customers over the internet. Defendant has over one million paid subscribers in the USA, and has an approximate valuation of $5 billion.

9.      On December 1, 2010, §§ 17600-17606 of Article 9, of Chapter 1 of Part 3, of Division 4 of the California Business and Professions Code (hereinafter "Cal. Bus. Prof. Code") came into effect. The stated intent of the Legislature of this Article, was to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service: See, §17600 of the Cal. Bus. Prof. Code. Through §17602 of the Cal. Bus Prof. Code it was made unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to: Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms. See, §17602(a)(2) Cal. Bus. Prof. Code.  § 17603 of the Cal. Bus. Prof Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

10.     Plaintiff and all similarly situated Class Members are consumers within the meaning of Cal. Bus. Prof. Code § 17601(d).

11.     Since at least December 1, 2010 through to the filing of this action, Defendant has charged Plaintiff's and Class Members' credit, debit cards, and/or account with a third party for an automatic renewal or continuous service without first obtaining the Plaintiff's and Class Members'

affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

12.    During the Class Period, Defendant has offered Plaintiff and Class Members the ability to listen to streaming music for free. Defendant generates advertising revenue from this service. During the Class Period, Defendant has also offered Plaintiff and Class Members the ability to upgrade their membership to an Unlimited or Premium Plan. The Unlimited Plan provided consumers the ability to listen to Defendant' services advertisement free on their desktop and/or laptop. The Premium Plan provided consumers the ability to listen to music advertisement free from multiple devices including the consumer's desktop, laptop, and cellular phone. The Unlimited Plan was priced at $4.99 and the Premium Plan was priced at $9.99 (the Unlimited Plan and Premium Plan is collectively referred to as the "subscriptions"). Plaintiff and Class Members were offered a free one-month trial for the Premium Plan.

13.    In order to upgrade to the Unlimited or Premium Plan, Plaintiff and Class Members who used their desktop computer to upgrade clicked on either the Unlimited or Premium button. Plaintiff and Class Members were then taken to a new web page entitled "You're only 90 seconds away from a world of music." To proceed, Plaintiff and Class Members were then required to select their preferred payment method (Visa, MasterCard, American Express, PayPal, and boku). In order to proceed to the next page, Plaintiff and Class Members were then required to click on the button Continue. On a subsequent webpage, in order to obtain the streaming advertisement free service, Plaintiff and Class Members were then required to enter their credit card, debit card, or account information into the required field, and press the button Confirm Payment.

**Unlimited Plan**

14.    Above the Confirm Payment button for the Unlimited Plan, Defendant made the following disclosure: "You authorise Spotify to automatically bill your credit card each month, until you cancel your subscription. No refunds or credits for partial monthly subscription periods. You can cancel your subscription at any time by logging into your account and follow the cancellation

5

1   instructions" (hereinafter "Unlimited Plan notice"). Upon clicking on the Confirm Payment button for

2   the Unlimited Plan, the Class Members credit, debit card, or account was charged (or soon thereafter).

3   At the end of the month of service, the Plaintiff and Class Member's credit card, debit card, or account

4   was automatically renewed for an additional month, and as such is an automatic renewal plan within

5   the meaning Cal. Bus. Prof. Code. §1701(1). Furthermore, the streaming service continues until

6   cancelled, and therefore is and was a continuous service plan or arrangement as defined by Cal. Bus.

7   Prof Code § 117601(e).

8        15.     However, prior to charging the Class Members credit card, debit card, or account,

9   Defendant failed to first obtain the Class Members affirmative consent to the agreement containing the

10   automatic renewal offer terms or continuous service offer terms because Defendant failed to first

11   obtain the Plaintiffs and Class Members affirmative consent to the Defendant's Terms, in that

12   Defendant completely failed to make a reference to its Terms throughout the checkout process; prior to

13   checkout failed to provide a link and/or a clear and conspicuous link to its Terms; failed to provide a

14   mechanism, such as a box, in which the Class Members were required to check to state that they agree

15   to the Defendant's Terms, and that signified Class Members' affirmative consent to the Defendant's

16   Terms; and the only reference to the Terms was through a link on the bottom of the webpage entitled

17   "Legal", in smaller and lighter colored font than the rest of the webpage.

18     **Premium Plan**

19

20        16.     During the Class Period, Plaintiff and Class Members were offered a one-month free

21   trial to use the Premium Plan. Upon choosing the Premium Plan, Plaintiff and Class Members were

22   subsequently taken to a new web-page in which they were required to enter the desired payment

23   method (Visa, MasterCard, American Express, PayPal, and boku). Upon pressing the Premium button,

24   choosing the method of payment, and pressing the Continue button, Plaintiffs and Class Members were

25   taken to a new webpage that was entitled: "Upgrade to 30 Day Trial". Beneath that heading was the

26   following:

27     Payment

28

|   |   |
|---|---|
| 30 day of recurring Spotify Premium | $0.00 |
| Sales Tax | $0.00 |
| Total | $0.00 |

17.    Underneath this were fields for the Plaintiff and Class Member to enter their credit or debit card, and the following notice: "If you do not cancel your subscription before the end of the free trial the credit card you provide will automatically be charged the Spotify Premium subscription fee of US $9.99 + $0.00 sales tax per month, until you cancel. You can cancel at any time by logging into your Spotify account and follow the cancellation instructions. No refunds or credits for partial monthly subscriptions period. For complete terms and conditions, please see our Terms of Service" (hereinafter "Premium Plan notice").  In order to start the subscription, the Plaintiff and Class Members were therefore required to enter their credit card or debit card information, and once the Plaintiff and Class Members pressed the Confirm payment button, the subscription immediately began. However, Defendant did not maintain on its website any document or link to a web page entitled "Terms of Service".

18.    However, prior to charging the Class Members credit card, debit card, or third party account, Spotify failed to first obtain the Class Members affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms because Defendant failed to first obtain the Plaintiffs and Class Members affirmative consent to the Spotify Terms, in that the Defendant failed to provide a link and/or a clear and conspicuous link to the Spotify Terms; prior to the checkout referred to a document called Terms of Service that did not exist anywhere on Defendant's website; and/or failed to provide a mechanism, such as a box, in which the Class Members were required to check to state that they agree to the Spotify Terms and Conditions and that signified Class Members' affirmative consent to the Spotify Terms and Conditions.  In fact, the only place the automatic renewal offer terms or continuous service offer terms were accessible was in the Spotify Terms through a link on the bottom of the webpage entitled "Legal", in smaller and lighter colored font than the rest of the webpage.

FIRST AMENDED COMPLAINT FOR:  (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); AND (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535) - CASE NO.: CGC-13-535309

19.     Defendant's method of charging Plaintiff's and Class Members' credit cards, debit cards, and/or third party account on the desktop contrasts with the method Defendant employs before it charges California consumers' credit card, debit card, and/or third party account, who utilize an Application using their cellular phone to upgrade to the Unlimited Plan or Premium Plan. Prior to the Defendant charging a consumer's credit card, debit card, and/or third party account from an Application within a cell phone, Defendant requires consumers to check a box stating that he or she agrees to the Terms of Service. This methodology was not used for Plaintiff and Class Members upgrading on a desktop.

20.     As a result of the above, Defendant failed to obtain Plaintiff and Class Members' affirmative consent to the agreement containing the automatic renewal or continuous service offer terms prior to charging their credit or debit card for an automatic renewal or continuous service as required under § 17602(a) (2), and all payments made by Plaintiff and Class Member is deemed an unconditional gift pursuant to § 17603 of the Cal. Bus. Prof. Code.

**Automatic renewal offer terms or continuous offer terms not disclosed in the "Terms"**

21.     Pursuant to §17601(c), "clear and conspicuous" or "clearly and conspicuously" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

22.     The Terms provide in section 17, "These agreements constitute all the terms and conditions agreed upon between you and Spotify". However, within the Terms, Defendant failed to fully disclose the automatic renewal offer terms, as defined by Cal. Bus. Prof. Code § 17601(b), in so far as it failed to make the following clear and conspicuous disclosures: (1) failed to state that the subscription or purchasing agreement will continue until cancelled; and (2) failed to describe the cancellation policy that applies to the offer (hereinafter the "disclosure failures").

23.     As a result of disclosure failures described above, the Terms do not contain the automatic renewal offer terms or continuous offer terms as defined and required by Cal Bus. Prof.

8

1    Code §1601(b). As a result, and in violation of Cal. Bus. Prof. Code. § 17602 (a)(2), Defendant failed

2    and continues to fail to obtain Plaintiff and Class Members affirmative consent to the subscription

3    agreement containing the automatic renewal offer terms or continuous service offer terms prior to

4    charging the Plaintiff and Class Members credit card or debit card.

5        24.     Furthermore, after Plaintiff and Class Members placed their order, Defendant sent

6    Plaintiff and Class Members an email that failed to provide an acknowledgement to Class Members

7    that included the automatic renewal or continuous service offer terms, cancellation policy and

8    information on how to cancel in a manner that is capable of being retained by Class Members, in

9    violation of Cal. Bus. Code §17602(a) (3).

10                        **CLASS ACTION ALLEGATIONS**

11

12        25.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a

    class action pursuant to Code of Civil Procedure § 382. The Class that Plaintiff seeks to represent is

13

14    composed of and defined as all persons who upgraded their membership/subscription plan from a free

    plan to a paid Unlimited Plan and/or Premium Plan subscription on their desktop computer in

15

16    California from Defendant since December 1, 2010.

17        26.     This action has been brought and may properly be maintained as a class action under

    Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation,

18

19    the proposed class is easily ascertainable, and Plaintiff is a proper representatives of the Class:

20          a.     <u>Numerosity</u>: The potential members of the Class as defined are so numerous

21    and so diversely located throughout California, that joinder of all the members of the Class is

22    impracticable. The Class Members are dispersed throughout California. Joinder of all members of the

23    proposed class is therefore not practicable.

24          b.     <u>Commonality</u>: There are questions of law and fact common to the Plaintiff and

25    the Class that predominate over any questions affecting only individual members of the Class. These

26    common questions of law and fact include, without limitation:

27

28

FIRST AMENDED COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS. PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); AND (3) INJUNCTIVE RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535) - CASE NO.: CGC-13-535309

1          i.      Whether Defendant charged Plaintiff's and Class Members' credit or debit

2    card with a third party for an automatic renewal or continuous service without first obtaining the

3    Plaintiff's and Class Members' affirmative consent to the agreement containing the automatic renewal

4    offer terms or continuous service offer terms in violation of Cal. Bus. Code §17602(a)(2);

5          ii.     Whether Cal. Bus. Prof. Code § 17603 provides for damages and/or

6    restitution for money paid by Class Members in circumstances where the goods and services provided

7    by Defendant is deemed an unconditional gift.

8          iii.    Whether Plaintiff and Class Members are entitled to damages and/or

9    restitution under Cal. Bus. Prof Code. § 17200-17203

10

11         iv.     Whether Plaintiff and Class Members are entitled to injunctive relief,

12   and/or a declaration, and/or restitution under Cal. Bus. Prof Code. § 17535.

13         v.      The proper formula(s) for calculating damages and/or restitution owed to

14   Class Members.

15         c.      Typicality:  Plaintiff's claims are typical of the claims of the Class.  Both

16   Plaintiff and Class Members were deprived of property rightly belonging to them, arising out of and

17   caused by Defendant's common course of conduct in violation of law as alleged herein, in similar

18   ways.

19         d.      Adequacy of Representation:  Plaintiff is a member of the Class and will fairly

20   and adequately represent and protect the interests of the Class Members.  Plaintiff's interests do not

21   conflict with those of Class Members. Counsel who represent Plaintiff are competent and experienced

22   in litigating large class actions, and will devote sufficient time and resources to the case and otherwise

23   adequately represent the Class.

24

25         e.      Superiority of Class Action:  A class action is superior to other available means

26   for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is

27   not practicable, and questions of law and fact common to the Class predominate over any questions

10

28

1   affecting only individual members of the Class. Plaintiff and each Class Member has suffered loss or

2   may suffer loss in the future by reason of Defendant's unlawful policies and/or practices of not

3   complying with Cal. Bus Prof. Code §§ 17600-17606. Certification of this case as a class action will

4   allow those similarly situated persons to litigate their claims in the manner that is most efficient and

5   economical for the parties and the judicial system. Certifying this case as a class action is superior

6   because it allows for efficient and full restitution to Class Members, and will thereby effectuate

7   California's strong public policy of protecting the California public from violations of its laws. If this

8   action is not certified as a Class Action, it will be impossible as a practical matter for many or most

9   Class Members to bring individual actions to recover monies due from Defendant, due to the relatively

10  small amounts of such individual recoveries relative to the costs and burdens of litigation.

11  ## FIRST CAUSE OF ACTION

12  **FAILURE TO OBTAIN THE CONSUMER'S AFFIRMATIVE CONSENT BEFORE THE SUBSCRIPTION IS FULFILLED**
    **(CAL. BUS. PROF. CODE §§ 17602(a) (2) and 17603)**

13

14      27.     The allegations of Paragraphs 1 through 26 are realleged and incorporated herein by

15  reference, and Plaintiff alleges this cause of action on behalf of herself and the above-described class

16  of similarly situated Class Members.

17      28.     Cal. Bus. Prof. Code § 17602(a)(2) provides:

18          "(a) It shall be unlawful for any business making an automatic renewal or

19          continuous service offer to a consumer in this state to do any of the following:

20              (2) Charge the consumer's credit or debit card or the consumer's account

21          with a third party for an automatic renewal or continuous service without first

22          obtaining the consumer's affirmative consent to the agreement containing the

23          automatic renewal offer terms or continuous service offer terms.

24      29.     Defendant charged the Class Members' credit or debit card or the Class Members'

25  account with a third party for an automatic renewal or continuous service without first obtaining the

26  Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or

27  continuous service offer terms.

28

11

30.    As a result of Defendant's violations of Cal. Bus. Prof. Code § 17602(a) (2), Defendant is liable to provide damages and/or restitution to Plaintiffs and Class Members under Cal. Bus. Prof. Code §17603.

31.    Plaintiff, on behalf of herself and Class Members, request relief as described below.

**SECOND CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
**(BUS. & PROF. CODE § 17200 et. seq.)**

32.    The allegations of Paragraphs 1 through 31 are realleged and incorporated herein by reference, and Plaintiff alleges this cause of action on behalf of herself and the above-described class of similarly situated Class Members.

33.    Business & Professions Code §§17200, et seq. (the "UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice. Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of him or herself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

34.    Beginning at an exact date unknown to Plaintiff, but at least since December 1, 2010, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by violating Cal. Bus. Prof. Code §17602.

35.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

36.    Plaintiff and similarly situated Class Members are entitled to damages and/or restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all monies paid by Class Members

12

1    under the subscription agreements from December 1, 2010 to the date of such restitution, at rates

2    specified by law.  Defendant should be required to disgorge all the profits and gains it has reaped and

3    restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

4           37.     Plaintiff and similarly situated Class Members are entitled to enforce all applicable

5    penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

6           38.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies

7    specified herein by suing on behalf of themselves and other similarly situated members of the public

8    previously and presently employed by Defendant in California.  Plaintiff's success in this action will

9    enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing

10   this action in the public interest.  Therefore, an award of reasonable attorneys' fees to Plaintiff is

11   appropriate pursuant to Code of Civil Procedure §1021.5.

12
13         39.     Plaintiff, on behalf of herself and Class Members, request relief as described below.

14                            **THIRD CAUSE OF ACTION**
                  **INJUNCTIVE RELIEF, DECLARATION, AND RESTITUTION**
15                           **(BUS. & PROF. CODE § 17535)**

16         40.     The allegations of Paragraphs 1 through 39 are realleged and incorporated herein by

17   reference, and Plaintiff alleges this cause of action on behalf of herself and the above-described class

18   of similarly situated Class Members.

19         41.     Business & Professions Code §17535, et seq. (the "UCL") allows "any person who has

20   suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the

21   UCL.  Such a person may bring such an action on behalf of herself and others similarly situated who

22   are affected by the unlawful, unfair, or fraudulent business practice.

23
24         42.     Beginning at an exact date unknown to Plaintiff, but at least since December 1, 2010,

25   and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business

26   acts and practices as defined by the UCL, by violating Cal. Bus. Prof. Code §17602.

27
                                            13
28

43.     As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

44.     Plaintiff and similarly situated Class Members are entitled to injunctive relief and/or restitution pursuant to Business & Professions Code §17535 for all monies paid by Class Members under the subscription agreements from December 1, 2010 to the date of such restitution, at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

45.     Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code.

46.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of themselves and other similarly situated members of the public previously and presently employed by Defendant in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5.

47.     Plaintiff, on behalf of herself and similarly situated Class Members, request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.     That the Court determine that this action may be maintained as a class action under Code of Civil Procedure §382, and define the Class as requested herein;

14

B.     That the Court find and declare that Defendant's subscription agreement violates Cal bus. Pro. Code §17602 by charging Plaintiff and Class Members credit or debit card without first obtaining their affirmative consent to the agreement containing the automatic renewal offer term or continuous service offer terms prior to charging their credit cards or debit cards;

C.     That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. Prof Code. §17602;

D.     That the Court award to Plaintiff and Class Members damages and/or full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. Prof. Code §17603, in an amount to be proved at trial;

E.     That Defendant be ordered to pay damages and/or restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Business and Professions Code §§17200-17205 in the amount of their subscription agreement payments;

F.     That the Court find that Plaintiff and Class Members are entitled to damages, injunctive relief and/or restitution pursuant to Cal. Bus. Prof. Code §17535;

G.     That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Code of Civil Procedure §1021.5, and/or other applicable law;

H.     That the Court award such other and further relief as this Court may deem appropriate.

1

## DEMAND FOR JURY TRIAL

2

   Plaintiff, on behalf of herself and the Class Members, hereby demand a jury trial on all causes

3

of action and claims with respect to which they have a right to jury trial.

4

Dated:  November 21, 2013

5

JULIAN HAMMOND, CA Bar No. 268489
Hammond.julian@gmail.com

6

HammondLaw, PC

7

1180 S. Beverly Drive, Suite 610
Los Angeles, CA  90035

8

(310) 601-6766
(310) 295-2385 (Fax)

9

ARI CHERNIAK, CA Bar No. 290071

10

ari.cherniak@gmail.com
HammondLaw, P.C.

11

1829 Reisterstown Rd. Suite 410
Baltimore, MD 21208

12

(443) 739-5758
(310) 295-2385 (Fax)

13

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE

14

CLASS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

FIRST AMENDED COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (CAL. BUS.
PROF. CODE §§17600-17604); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204); AND (3) INJUNCTIVE
RELIEF AND RESTITUTION (BUS. & PROF. CODE § 17535) - CASE NO.: CGC-13-535309